UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                                                Plaintiff,

v.                                                 Case No. 98-CR-57-JPS

LEONARD ERVIN CARTER,

                                                 **ORDER**

                                               Defendant.

---

On September 10, 2021, Defendant filed a motion requesting early termination of his term of supervised release. (Docket #86). That term is scheduled to expire on September 2, 2024. The Probation Office indicates that, overall, Defendant's supervised release record is good. He has generally complied with the terms of supervised release and is making strides towards steady and gainful employment. These are commendable steps forward; however, after conferring with the U.S. Probation Office, the Court has decided to deny the request. Defendant is recently unemployed, and although it appears very likely that he will be able to secure employment again, at this juncture, the Court has determined that the requirements of supervised release, while perhaps inconvenient, will ultimately help Defendant succeed.

The Court also notes that Defendant's lengthy sentence was imposed before *United States v. Booker*, 543 U.S. 220 (2005) held that the sentencing guidelines are discretionary. Thus, his sentence includes an "armed career criminal" enhancement under United States Sentencing Guideline § 4B1.4(b)(3)(B). This enhancement has some impact on his ability to receive early termination of supervised release.

The United States Probation Guide explains that, after eighteen months, there is a "presumption in favor of recommending early termination" for people who meet certain criteria, including not being a career offender. *See* U.S. Probation Guide § 360.20(c).[1] After eighteen months, even "higher risk persons . . . who have demonstrated a reduction in risk . . . [of recidivism] and who are in substantial compliance" with the criteria supporting early termination "*must* be considered for early termination." *Id.* § 360.20(d) (emphasis added). In other words, because of the "armed career criminal" enhancement, Defendant does not benefit from the presumption in favor of early termination of supervised release, but he must be considered for it if he can demonstrate "substantial compliance" with the criteria set forth in U.S. Probation Guide § 360.20(c). The Court notes that this request may be bolstered by a showing of extenuating

---

[1]These criteria read in full,

(1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
(2) The person presents no identified risk of harm to the public or victims;
(3) The person is free from any court-reported violations over a 12-month period;
(4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
(5) The person is in substantial compliance with all conditions of supervision; and
(6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

U.S. Probation Guide § 360.20(c).

circumstances. Such extenuating circumstances may exist, for example, if Defendant could demonstrate that the terms of his supervised release unworkably hampered his ability to maintain employment as a commercial truck driver.

Accordingly,

**IT IS ORDERED** that Defendant's request for early termination of his term of supervised release (Docket #86) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge